UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHANTHY KUN                              :
                                         :
    v.                                   :    C.A. No. 09-397S
                                         :
ML RESTAURANTS, LLC, et al.              :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is Plaintiff's Motion for Conditional Certification of Collective Action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Document No. 11).  Defendants object. (Document No. 12).  A hearing was held on June 3, 2010.  For the reasons discussed below, I recommend that Plaintiff's Motion be GRANTED.

**Background**

Defendants operate an Asian restaurant and sushi bar in North Kingstown called Seven Moons Restaurant ("Seven Moons").  Plaintiff was formerly employed at Seven Moons through June 2009 as a sushi chef.  On August 28, 2009, Plaintiff commenced this FLSA collective action under 29 U.S.C. § 216(b) for unpaid overtime "on behalf of himself and other similarly situated current and former chefs and kitchen workers" at Seven Moons.  (Document No. 1, ¶ 1).[1]  Plaintiff now moves for conditional certification of this case as a collective action, expedited production of information by Defendants regarding chefs or cooks who worked at Seven Moons at any time from

---

[1] A similar FLSA collective overtime action was brought against these same Defendants by a former kitchen worker on February 17, 2009.  (Hean v. ML Restaurants, LLC, C.A. No. 09-064ML).  However, the named plaintiff in Hean never moved for conditional certification, and the matter was closed by way of a dismissal stipulation dated July 28, 2009 and entered on July 29, 2009.

August 26, 2006 to the present, and authorization to mail a court-approved "opt in" notice to such individuals.

**Discussion**

Under 29 U.S.C. § 216(b), the FLSA authorizes "similarly situated" plaintiffs to join in a collective action to recover unpaid wages and other damages. Unlike traditional class actions governed by Fed. R. Civ. P. 23, FLSA collective action plaintiffs must affirmatively "opt in" and give notice of their desire to participate as plaintiffs. Here, it is undisputed that no individuals have filed notice of their consent to join this action, and Plaintiff has not identified any individuals who have indicated to him or his counsel that they wish to join.

The parties agree that Plaintiff's Motion should be analyzed using so-called "two-tiered" approach. See Reeves v. Alliant Techsystems, Inc., 77 F. Supp. 2d 242, 246-247 (D.R.I. 1999). Under this approach, the Court first makes a preliminary determination that the named plaintiff is similarly situated to other members of the proposed class who should receive notice of the pending action. Poreda v. Boise Cascade, LLC, 532 F. Supp. 2d 234, 238-239 (D. Mass. 2008). The Court applies a "fairly lenient standard" because of the limited evidence at the "notice stage" of the case. Reeves, 77 F. Supp. 2d at 246. Once discovery is complete, the party opposing collective joinder may move to decertify, i.e., the second tier, and the Court makes a final, more exacting factual determination on the "similarly situated" issue. Id. at 247.

Although Defendants concede that Plaintiff faces a minimal burden at this first stage, they argue that conditional certification is not appropriate for two reasons. First, they argue that Plaintiff's effort should fail because he has not demonstrated that any other chefs or cooks actually wish to join this collective action. Second, they argue that Plaintiff has failed to show that the

members of his proposed collective action are similarly situated. Neither of Defendants' arguments convince me that Plaintiff's request for conditional certification should be denied at this preliminary stage.

As to the first argument, the parties agree that there is no controlling precedent from the Supreme Court, the First Circuit or this District on the issue and thus I am presented with a "clean slate." Generally, "[c]ourts are split with respect to whether and how plaintiffs must demonstrate that those similarly-situated, putative class members are interested in joining the suit." O'Donnell v. Robert Half Int'l, Inc., 534 F. Supp. 2d 173, 179 (D. Mass. 2008). Defendants urge me to follow the "Dybach" line of cases. See Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-1568 (11th Cir. 1991) (holding that, before conditionally certifying an FLSA collective action, the Court "should satisfy itself that there are other employees...who desire to 'opt-in' and who are 'similarly situated'"). Plaintiff counters that Dybach has not been "well received" outside the Eleventh Circuit and cites a number of District Court decisions from other Circuits which reject the Dybach approach. (See Document No. 14 at pp. 2-3).

After reviewing Dybach and all of the cases cited by the parties on both sides of the ledger, I conclude that the decisions supporting Plaintiff's position that an actual showing of interest is not required at this preliminary stage are better reasoned and more persuasive than those relied upon by Defendants. "Indeed, identification of potential class members is part of the purpose of authorizing and notice." Neary v. Metro. Prop. & Cas. Ins. Co., 517 F. Supp. 2d 606, 622-623 (D. Conn. 2007). To require pre-notice identification of opt-in plaintiffs "puts the cart before the horse" and "undermine[s] a court's ability to provide potential plaintiffs with a fair and accurate notice." Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) (finding no apparent logic

in requiring a named plaintiff to show that others want to join a collective action in order to send them a notice asking them to join). Further, although the issue was not directly addressed, Judge Lisi of this Court previously described the first tier of the test as determining "whether notice of the action should be given to potential class members." Reeves, 77 F. Supp. 2d at 246 (emphasis added); see also Trezvant v. Fidelity Employer Servs. Corp., 434 F. Supp. 2d 40, (D. Mass. 2006) (holding that the first tier requires plaintiff to make a preliminary showing that "there actually exists a similarly situated group of potential plaintiffs" and not also that those potential plaintiffs wish to join the suit) (emphasis added). Accordingly, I agree with Plaintiff that he is not obligated at this stage to specifically identify individuals who desire to join or opt into this collective action as a condition of receiving conditional certification.

That leads me to Defendants' second challenge, i.e., that Plaintiff has failed to show that the members of his proposed "class" are, in fact, similarly situated. To meet his preliminary burden in this regard, a plaintiff must show, "usually by pleadings and affidavits, that a similarly situated group of potential plaintiffs exists." Robinson v. Empire Equity Group, Inc., Civil No. WDQ-09-1603, 2009 WL 4018560 at *2 (D. Md. Nov. 18, 2009). In Reeves, Judge Lisi observed that "[c]ourts have held that plaintiffs can meet this burden by simply alleging that the putative class members were together the victims of a single decision, policy, or plan that violated the law." 77 F. Supp. 2d at 247 (citation omitted).

Here, Plaintiff relies upon his Affidavit, representative pay stubs and several weeks of time sheets for the sushi bar staff showing that he and his fellow employees regularly worked in excess of forty hours per week. "At the conditional certification or 'notice' stage, the court does not make a conclusive determination that a class of similarly situated plaintiffs exists; it merely determines

whether the plaintiffs have made a 'modest factual showing' of similar situation that justifies notifying potential plaintiffs of the suit." Robinson, supra at *2. "When determining if persons are 'similarly situated,' such persons must be similarly situated with respect to their job requirements and with regard to their pay provisions; the positions need not be identical, only similar." Yeibyo v. E-Park of DC, Inc., C.A. No. DKC 2007-1919, 2008 WL 182502 at *7 (D. Md. Jan. 18, 2008). After discovery is complete, a higher standard is used to assess the similarly situated issue if a motion to decertify is pursued. Id.

Plaintiff has made a sufficient showing to warrant conditional certification. First, Defendants have not offered anything affirmative to suggest that the proposed class is not similarly situated or to rebut Plaintiff's averments. In his Affidavit, Plaintiff testifies that throughout most of his employment at Seven Moons, it did not have a time clock or time card system to record working hours for himself or other chefs. (Document No. 11-4 at ¶¶ 10 and 14). He further testifies that after April 2009, Seven Moons began to use time cards for its chefs but the cards were filled out by management and "on many occasions" inaccurate, but employees were required to sign them. Id. at ¶ 10. He also points to discrepancies between his hours worked and the hours noted on his pay stubs. Id. at ¶ 11. Finally, he testifies that other chefs and cooks worked in excess of forty hours per week and that he is aware from discussions with his former coworkers that they were not paid overtime. Id. at ¶¶ 13, 15. Plaintiff has made a sufficient showing at this preliminary stage, "by pleading and affidavit," that a similarly situated group of potential FLSA plaintiffs exists.

**Conclusion**

Accordingly, finding no merit in either of Defendants' Objections to Conditional Certification, I recommend that Plaintiff's Motion for Conditional Certification of Collective Action

(Document No. 11) be GRANTED. Also, I recommend that the Court GRANT Plaintiff's request for production of employee data and for court-authorized mailing of opt-in notices; however, I recommend that the Court adopt Defendants' proposed form of notice with the exception that it be modified to include the anti-discrimination/anti-retaliation clause contained in Plaintiff's proposed notice. Plaintiff shall, within seven (7) days, submit a revised form of notice consistent with this recommendation to Judge Smith for his review and consideration as well as a proposed Orders of Conditional Certification and Production of Employee List.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

　/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 11, 2010