```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
```

_____
                                   )
CHANTHY KUN,                       )
              Plaintiff,           )
                                   )
    vs.                            )   C.A. No. 09-397 S
                                   )
M L RESTAURANTS, LLC               )
D/B/A SEVEN MOONS RESTAURANT,      )
AND LEANG HONG,                    )
                                   )
              Defendants.          )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff, Chanthy Kun, moved, pursuant to Rhode Island Supreme Court Rules of Appellate Procedure, Article I, Rule 6, to certify the following question of law to the Supreme Court: "Does an employee, whose employer failed to pay that employee one and a half times pay for hours worked in excess of 40 during a workweek in violation of R.I.G.L. § 28-12-4.1, have a private right of action?" Defendants, M L Restaurants, LLC d/b/a Seven Moons Restaurant, and Leang Hong, filed an objection to Plaintiff's motion.

Rule 6 of Article I of the Supreme Court Rules of Appellate Procedure provides for the certification of a question of law to the Rhode Island Supreme Court by

> a United States District Court when requested by the
> certifying court if there are involved in any

> proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this Court.

The Court agrees with Defendants that certification is unnecessary. The question of law presented here was before the Court just last year in Hauser v. Rhode Island Dep't of Corr., 640 F. Supp. 2d 143 (D.R.I. 2009). The Court held that the Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1 et seq., ("Minimum Wage Act") does not provide a private right of action. Id. at 146. In light of the Minimum Wage Act's provision for enforcement by the division of labor standards and the lack of an express right of action, the Court determined that it was clear that the General Assembly did not intend to afford aggrieved employees a private right of action. Id.

As evidenced by the Court's consideration and analysis in Hauser, the issue is sufficiently clear, and therefore does not warrant certification to the Rhode Island Supreme Court. See Gilmore v. Citigroup, Inc. (In re Citigroup, Inc.), 535 F.3d 45, 62 (1st Cir. 2008) ("When state law is sufficiently clear . . . to allow a federal court to predict its course, certification is both inappropriate and an unwarranted burden on the state court.") (quoting Manchester Sch. Dist. v. Crisman, 306 F.3d 1, 14 (1st Cir. 2002)) (alteration in original); see also Ropes & Gray LLP v. Jalbert (In re Engage, Inc.), 544 F.3d 50, 53 (1st

Cir. 2008) ("[E]ven in the absence of controlling precedent, certification would be inappropriate where state law is sufficiently clear to allow us to predict its course.").

Accordingly, Plaintiff's motion to certify a question of law to the Rhode Island Supreme Court is hereby DENIED.

IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  October 8, 2010